UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Loretta Hernandez,

       Plaintiff,                                 Case No. 12-cv-11647

v.

                                                Honorable Sean F. Cox
                                                United States District Court Judge

Wal-Mart Stores East, L.P.,

       Defendant.

_____/

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment. Both parties have briefed the issues and a hearing was held on April 4, 2013. For the following reasons, the Court **DENIES** Defendant's Motion for Summary Judgment.

**I.    BACKGROUND**

This action arises out of a personal injury Plaintiff, Loretta Hernandez ("Plaintiff"), suffered at Defendant's retail store. On May 31, 2011, Plaintiff was shopping with her friend, Anne York ("York"), at the Wal-Mart store located in Taylor, Michigan. On their way to check out, Plaintiff was pushing a shopping cart with York holding on to the front of this cart. When Plaintiff and York reached an area in the main aisle, directly adjacent to the jewelry department, Plaintiff slipped and "banged her knee on the lower rung of the shopping cart." Defendant's store was well lit at the time and the floor in this area was white tile. After her fall, Plaintiff

and York noticed a water spill in the aisle. The spill was described as six to seven "saucer like" spills each measuring six to seven inches in diameter. York summoned the help of Tracey Stoll ("Stoll") a Wal-Mart employee who was working in the jewelry department at this time. According to York, she asked Stoll to call a manager to which Stoll replied, "I thought they cleaned that up." Stoll testified that she never made this comment.

On March 8, 2012, Plaintiff filed the instant action alleging negligence against Defendant based on premises liability. Defendant filed the instant Motion for Summary Judgment on December 28, 2012. Plaintiff filed a response on January 21, 2013. Defendant filed a response on January 30, 2013.

## II.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Derungs v. Wal-Mart Stores*, 374 F.3d 428, 431 (6th Cir. 2004). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have the effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principles of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The Court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). The moving party

ultimately bears the burden of proving that it is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### III.   ANALYSIS

This case was removed to federal court solely on the basis of diversity jurisdiction. Therefore, this Court must apply the laws of the state of Michigan. *Kessler v. Visteon Corp.*, 448 F.3d 326, 329-330 (6th Cir. 2006). The outcome in federal court should be the same as if it were tried in a state court. *Id*. at 330.

Plaintiff alleges that the spill was not an "open and obvious danger" and that Defendant had actual notice of the spill. Plaintiff's premises liability claim relies on a common negligence theory. To state a prima facie case of negligence in Michigan, including premises liability, the plaintiff must establish the following elements: (1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; (3) that the defendant's breach caused the plaintiff's harm; and (4) that the plaintiff suffered damages. *Hanley v. Dupont Automotive*, 341 F.3d 491, 496 (6th Cir. 2003).

For purposes of premises liability, Michigan courts recognize three common-law categories: trespasser, licensee, and invitee. *Kessler*, 448 F.3d at 336-337. It is undisputed that Plaintiff was an invitee at all times relevant to this case. An "invitee" is "one who enters upon land of another by invitation, which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises and make it safe for the invitee's reception." *Id.* at 337.

However, the duty of a landowner to invitees is not unlimited. "A landowner does not owe a duty to invitees where the dangers are so obvious and apparent that an invitee may be

3

expected to discover them himself." *Id*. This is referred to as the "open and obvious" doctrine. "Under Michigan law, a condition is considered open and obvious if the dangerous characteristics are readily apparent or easily discoverable upon casual inspection by the average person of ordinary intelligence." *Osontoski v. Wal-Mart Stores, Inc.*, 143 F.3d 1027, 1028 (6th Cir. 1998) (citation omitted). "[T]he general rule is that a premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake the reasonable precautions to protect invitees from that risk." *Kessler*, 448 F.3d at 339 (quoting *Lugo v. Ameritech Corporation. Inc.*, 464 Mich. 512, 629 N.W.2d 384 (2001)). In *Kessler*, the Sixth Circuit held that when ruling on a motion for summary judgment involving an open and obvious condition "the critical question is whether there is evidence that creates a genuine issue of material fact regarding whether there are truly 'special aspects' of the open and obvious condition that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm, i.e., whether the 'special aspect' of the condition should prevail in imposing liability upon the defendant or the openness and obviousness of the condition should prevail in barring liability." *Id*. at 340.

In addition to showing that the dangerous condition was not "open and obvious," Michigan law requires that a prima facie case of premises liability include sufficient evidence that the landowner either created the dangerous condition or had actual or constructive notice of the condition. *Sparks v. Wal-Mart Stores, Inc.*, 361 F.Supp.2d 664, 668 (E.D.Mich.2005). Constructive notice can be shown where the dangerous condition existed for a sufficient length of time that the storekeeper should have had knowledge of it. *Hampton v. Waste Management of Michigan, Inc.*, 236 Mich.App. 598, 604 (Mich.App.1999).

### a.     Open and Obvious

The appropriate test in determining whether a danger is "open and obvious" is whether "an average user with ordinary intelligence would have been able to discover the danger and risk presented upon casual inspection." *Kennedy v. Great Atlantic & Pacific Tea Company*, 274 Mich.App. 710, 713, 737 N.W.2d 179, 2007 WL 852634 (Mich.App.2007) (citing *Novotney v. Burger King Corporation*, 198 Mich.App. 470, 475, 499 N.W.2d 379 (Mich.App.1993)). "Because the test is objective, this court looks not to whether a particular plaintiff should have known that the condition was hazardous, but to whether a reasonable person in his or her position would have foreseen the danger." *Id*.

The parties dispute whether the spill was open and obvious. The spill in question is described as six to seven "saucer like" spills each measuring six to seven inches in diameter. (Plaintiff Deposition, Docket Entry No. 15-1, at 14-15). Plaintiff testified she did not notice the puddles of water until after she slipped. (*Id*.). Likewise, York did not notice the spill until after Plaintiff fell, although York traversed this area before the Plaintiff. (York Deposition, Docket Entry No. 15-1, at 28). Defendant's store was well lit and the floor was white tile. (Plaintiff Deposition, Docket Entry No. 15-1, at 9).

A genuine issue of material fact exists as to whether the spill was open and obvious. York traversed this area immediately before Plaintiff. York failed to notice the spill until after Plaintiff had fallen. Additionally, the spill is described as clear liquid on a white tile floor. The combination of clear liquid on white tile could have made the spill difficult to detect. Finally, although the store was well lit, this could have hampered Plaintiff's ability to notice the spill by producing a glare on the white tiled floor. When viewing the evidence in the light most

favorable to the Plaintiff, this is the type of spill which would not be visible upon a "casual inspection." Likewise, the nature of the spill along with the lighting and floors give this a "special aspect" which would remove this spill from the open and obvious doctrine. Defendant has failed to carry their burden.

### b. Notice

To succeed on a claim of premises liability, Plaintiff must establish the landowner either created the dangerous condition or had actual or constructive notice of the condition. *Sparks*, 361 F.Supp.2d at 668. Plaintiff has not alleged, nor does she claim, that Defendant or any of its employees caused the water spill. The record is wholly devoid of any evidence tending to show who caused the spill. Therefore, Plaintiff must show that Defendant had either actual or constructive notice of the spill.

Viewing the evidence in the light most favorable to Plaintiff, as this Court must, Plaintiff has offered sufficient evidence to show Defendant had actual notice of the unsafe condition. Plaintiff offered evidence, in the form of York's testimony, that Defendant's employee, Stoll, stated something to the effect of "I thought they cleaned that up." (York Deposition, Docket Entry No. 15-3, at 37). Stoll denies having said this at any point. (Stoll Deposition, Docket Entry No. 19-7, at 4). This evidence, if true, would tend to show that Defendant's employee had actual notice of the spill and failed to take adequate measures to assure the spill was cleaned. Defendant makes no argument as to why this alleged statement would fail to show notice, as Defendant does not discuss the alleged statement in their motion. Therefore, viewing the evidence in the light most favorable to the Plaintiff, there is sufficient evidence on which a jury could reasonably find that Stoll made this statement, and thus, Defendant had actual notice of the spill.

## IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for summary judgment.

                                              S/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated:  April 12, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 12, 2013, by electronic and/or ordinary mail.

                                              S/Jennifer McCoy
                                              Case Manager